**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUDOLFO RODRIGUEZ<br>3920 Darby Road<br>Bryn Mawr, PA 19010<br><br>Plaintiff,<br><br>v.<br><br>BUILDERS INC.<br>4 Raymond Drive<br>Havertown, PA 19083<br><br>Defendant. | : | CIVIL NO. ____________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Rudolfo Rodriguez ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Builders Inc. ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this Complaint contending that Defendant has improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq*. Specifically, Plaintiff contends that Defendant unlawfully misclassified him as exempt from overtime compensation under the FLSA/PMWA, thus failing to pay him overtime compensation for all hours worked over forty (40) in a workweek.

**PARTIES**

2. Plaintiff Rudolfo Rodriguez is a citizen of the United States and Pennsylvania, and currently maintains a residence at 3920 Darby Road, Bryn Mawr, PA 19010.

3. Defendant Builders Inc. is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a headquarters and principal place of business within this judicial district at 4 Raymond Drive, Havertown, PA 19083.

4. Defendant is a "private employer" and covered by the FLSA.

5. Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA

6. During the course of his employment with Defendant, Plaintiff was engaged in commerce within the meaning of the FLSA.

7. Plaintiff was employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

8. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

9. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

10. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his FLSA claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Defendant on or around August 27, 2018 in the position of Site Superintendent.

15. In that capacity, Plaintiff's primary job responsibility was to help ensure the timely and proper competition of construction work on job sites for which Defendant was acting as general contractor.

16. Plaintiff performed his job duties pursuant to specific guidelines, timetables, and instructions provided by Defendant, who determined the timing and manner by which he performed his work.

17. For example, Plaintiff was provided for specific, written, "word-for-word" steps to take in the event of an OSHA site visit.

18. Although Plaintiff was expected to utilize and work in concert with a crew of independent contractor laborers on the majority of the worksites to which he was assigned, he generally spent between two (2) and eight (8) hours per day performing his own manual labor and clean-up services for Defendant.

19. In undertaking these tasks, Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating

practices, but instead performed his job duties subject to specific instructions and/or guidelines provided by Defendant.

20. Moreover, Plaintiff's discretion was further circumscribed by the Project Manager, who made the ultimate decision regarding timetables and scheduling.

21. When Plaintiff was hired, he was presented with an "Employment Plan" which explained that he would receive a salary of $91,000 per year / $1,750 per week, along with certain employee benefits.

22. While Plaintiff's Employment Plan did not identify whether Plaintiff was considered "exempt" or "non-exempt" under the FLSA/PMWA, it did state, "This is a salaried position and no overtime is paid without prior authorization."

23. Plaintiff's primary job duties did not include the performance of non-manual or office work requiring advance knowledge and the consistent exercise of discretion and judgment.

24. Plaintiff did not have the authority to commit Defendant in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

25. Accordingly, Plaintiff did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA.

26. Moreover, Plaintiff's job did not involve managerial responsibilities over employees of Defendant, as Plaintiff did not have any employees of Defendant (as opposed to independent contractor laborers not employed by Defendant) to whom he regularly gave direction. Furthermore, Plaintiff did not have the authority to hire or fire other employees of Defendant, nor did he make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

27. Accordingly, Plaintiff did not qualify for the exemption for executive employees under the FLSA/PMWA.

28. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

29. From August 2018 until December 2019, Plaintiff generally worked approximately forty-five (45) to fifty (50) hours per week.

30. By way of example, during the workweek of January 14, 2019 to January 18, 2019, Plaintiff worked approximately 50.5 hours, for a total of approximately ten and a half (10.5) hours of overtime for which he received no compensation.

31. Defendant had knowledge that Plaintiff was working well beyond forty (40) hours per week without receiving overtime compensation.

32. Indeed, early in his employment with Defendant, it was Plaintiff's practice to report all his hours worked to Defendant. However, he was soon advised that he would not get paid more (let alone, be paid overtime compensation) for any hours he worked over forty (40) in a workweek.

33. Despite the fact that Plaintiff thus worked significantly in excess of forty (40) hours per week, Plaintiff did not receive any compensation and/or overtime compensation for work performed in excess of forty (40) hours per week. Rather, Plaintiff was paid the same weekly salary regardless of the number of hours he actually worked, with the exception of deductions from pay or PTO for certain absences.

34. Defendant classified Plaintiff as "exempt" under the FLSA and PMWA, and therefore determined that Plaintiff was not entitled to overtime compensation.

35. Defendant unlawfully misclassified Plaintiff as "exempt." Plaintiff was not exempt from receiving overtime compensation.

36. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

37. Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week.

38. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

39. Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

41. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

42. According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.

43. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

44. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

45. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FLSA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

46. Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

48. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

49. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

50. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Michael Groh

Michael Murphy, Esq.
Michael Groh, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: September 8, 2020

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.